Our second case this morning is case number four one zero zero eight six two in re Jerome S for the appellate Jacqueline Bullard for the appellate David Manchin. Please proceed. May it please the court, counsel, excuse me, my name is Jackie Bullard. I'm with the Office of the State Appellate Defender and I represent the minor respondent in this case, Jerome S. Thirteen year old Jerome was charged with aggravated battery for kicking a school bus monitor. When the incident occurred, it occurred on a school bus owned by a private transportation company that was transporting Jerome and other special education students to a private therapeutic day school for children with mental illness. This otherwise would have been a misdemeanor battery, but for the fact that the state charged this as having been committed against an employee, a public transportation employee. The Illinois Criminal Code elevates simple batteries to felony, class three felony, aggregated batteries for a variety of reasons, one of which is if the complainant in the case is an employee of a public transportation company. Specifically, the language of the statute talks about, not within the meaning of this particular statute. This statute uses a couple of terms of art. One is transportation of the public for hire and then in that same subsection of the statute, it refers to the term public transportation. That term public transportation has long been recognized to encompass a very specific type of transportation. The commonly understood meaning when you say the term public transportation comes to mind, city buses, mass transit systems, trains. Essentially, companies or entities that provide transportation to the general public, all members of the general public who are able and willing to pay a particular fare that's being charged. That's not the case in terms of a school bus. In terms of public transportation, everybody can get on the public transportation bus. Nobody can get on the school bus unless the entity operating the school bus and the school says so. School buses transport a very, very discreet population of children and not just all children, but particular children who attend a particular school and are being taken to a particular place at a particular time. That's very different. If I or any member of the general public wanted to catch a ride on a school bus, we would simply be unable to do so. The general public is not even allowed on school buses if they're willing to pay a fare to get from point A to point B. The term public transportation, in terms of what generally comes to mind, is consistent with the dictionary definition of public and this whole notion that public transportation is associated with the general public. The dictionary defines public transportation as buses, trains, charging a set fare, and running on fixed routes, especially when state-owned, and then when that's written in conjunction with the definition of the term public. The term public is defined in the dictionary as ever concerning the people as a whole, open to or shared by all the people, and that is not what occurs on school buses. In addition, the legislature has repeatedly treated school buses and modes of public transportation as two distinct concepts in several places in the statute. In the Downstate Public Transportation Act, in three particular places, it defines public transportation as being available to the general public. And then in the Vehicle Code, which defines a school bus, that definition of school bus expressly excludes what we traditionally think of as modes of public transportation. The legislature has drawn a distinction between school buses and public transportation in the Criminal Code as well, in terms of the offense of unlawful use of a weapons statute. There are two distinct sentence enhancements that can apply to unlawful use of a weapons. One is if the offense is committed in any conveyance owned, leased, or contracted by a school to transport students. And then right after that, there's another enhancement for when the crime is committed in any conveyance owned, leased, or contracted by a public transportation agency. That statute then goes on to define public transportation agency as something available to the general public. If the legislature believed that school buses were included within the purview of public transportation, this separate distinct enhancement for school buses would be surplused. So clearly the legislature sees school buses and public transportation as two separate and distinct concepts. It does the same thing in the Code of Corrections in terms of sentence enhancements in aggravation. Where it provides that there are one sentence, one distinct factor in aggravation is commits the listed offense on any conveyance owned, leased, or contracted by a school to transport students. Contains a separate enhancement for commits the offense while the defendant or the victim was in a train, bus, or other vehicle used for public transportation. And again, as in the Criminal Code, the Code of Corrections then defines in that particular section of the statute, public transportation as meaning transportation that's available to the general public. And then finally this distinction between school buses and public transportation is reflected in case law dealing with tort immunity and civil liability. The law for over almost a century has drawn a line between common carriers and private carriers. With the definitive test for common carriers being whether the carrier serves all of the public alike. And that is simply not what happens with school buses. In fact, in the state's brief, it talks a little bit about the case of Benson Creamery and talks about the three characteristics that made the private carrier in that case distinctly private. And those three characteristics are transports on a special contract, refuses to transport some items, and doesn't hold itself out to carry goods for the general public. That is exactly what occurred in this particular case. This school bus that was operated by lay law slash first student transported on special contract with the school to transport these students. It refused to transport some items in that it would not transport members of the general public who wanted to catch a ride on the bus. And it didn't hold itself out to carry goods for the general public. It didn't hold itself out as a mode of public transportation. It didn't have stops that it made like a city bus that the general public could get on and off of. At best, the state's parsing of the language in this statute makes the statute ambiguous. And if you sort of parse the statute, the children are members of the public and therefore transporting children is transportation of the public. At best, what the state's interpretation of the statute does in this case is makes the statute ambiguous in light of this vast array of authority that draws a distinction between school buses and public transportation. And in the case of a statute that is ambiguous, which I certainly don't conceive that it is, but even if the statute is ambiguous, which is the best that the state can get in this case, then the draw goes to the accused. When the terms of the statute are vague, it has to be construed in favor of the accused. Does the court have any questions? I have a question coming back to the original one I asked. If the state had charged under subsection 8, which is, since you don't have it in front of you, a person's guilty of aggravated battery at the battery is committed on or about a public way, public property, or public place of accommodation or amusement, what would your argument be? Since there's case law that says a private hall is a public place. My response is that's not the crime that the state charged in this case. The state could have charged that crime. I understand that. But inasmuch as the case law under subsection 8 would seem to suggest that private areas can be public places or public ways for purposes of the aggravated battery statute, doesn't that kind of go against the argument you're making as to how subsection 9 should be applied? No, Your Honor. I don't think it does because that body of case law that deals with public way, the legislative purpose behind that statute is to protect the general public, regardless of whether the parking lot that they're standing in is owned by a city or whether that parking lot is owned by a bar. It's to protect people within the public arena. And so again, that statute is also actually aimed at the general public. It's not aimed at a very discreet group of individuals. So I don't think that that really undermines the argument at all. In fact, I think it probably strengthens it a little bit, that the legislature is pretty clear that it wants to go after protecting public places and it chose not to include school buses in this list of factors that will enhance a battery to a felony. Does the Court have any other questions? In that case, I would respectfully request that you remand for an amended sentencing order with judgment entered on the misdemeanor offense of a simple battery. Thank you, Counsel. Counsel, you will have rebuttal if you want it. Mr. Manchin. Good morning, Your Honor. I'm trying to keep my voice up. I've been fighting something for the last week or so. The statute you're referring to, Justice Turner, was 12B48, public place. I think you're right that it does indicate that a place can be both private and public for purposes of applying the aggravated battery, and that even though possibly viewed as somewhat more private than a city bus, the school bus is still public for purposes of Section 12A. The clear definition and the definition cited by Counsel today of something with a fixed rate, with a fixed fee, fits exactly for school buses. I can't get on a school bus. It's got a fixed rate, though. It was paid by the school. It's got a fixed route. Members of the general public cannot get on a school bus. But that if the clear language of the statute is in the business of carrying the public for hire, children are part of the public. The sole business of this company is to carry members of the public for hire. Well, if you keep limiting, if public is a phrase that can be cut in half or cut into thirds or tenths, you can limit it down to almost anybody, and still it's public. Well, the statute does not draw the common carrier, private carrier distinction. It just says any company that carries the public for hire. That is exactly what late law does. It doesn't carry the public in general. Then you're saying the children are not public. I'm saying there's a lot more to the public than the children. What about counsel's argument about the vehicle code that specifically says school buses are not public carriers? Well, it's in terms of the licensing. There's an additional licensing requirement for school buses that's not for regular buses. So there could be a distinction there. The legislature doesn't have to treat a certain subject the same way in every single statute. They can make a distinction between statutes from the phrasing. And like in the unlawful use of weapons one, they lump the school buses together in a single section with the schools together, and then they have another subsection so that the structure of the statutes are different. So that that explains it. But when you're talking about a definition, how do you define one word one way in one situation and another way in another situation? You look to the language of the statute itself, and the statute 12B48 says the, I mean 9, excuse me, engage in the business of transportation of the public for hire. That is exactly what the school bus is doing. There's another distinction between the Creamery case cited by the defendant, excuse me, the respondent. In that case they were solely hauling goods. They did not haul people. So that they would not in any event fall under the terms of the statute so that the application of the distinction drawn there simply does not apply because that did not involve carrying the public at all. They did not carry any passengers at any time. So to say that the definition of a public carrier versus a private carrier in terms of carrying goods somehow carries over to this statute dealing with carrying people, there's a, it just simply does not apply under those terms because they're carrying goods, not people. How about counsel's argument that we're dealing with a criminal law statute here and any ambiguities in a penal statute must be construed in favor of the accused? Well, that's if you want to see it as ambiguous. The language is clear. Carrying the public for hire. That's exactly what they do. And if this court was to rule against it, they do not have to go back, send it back as a misdemeanor. As Justice Turner noted, this could go back as an aggravated battery under 12B-8. How do you get to recharge after a conviction? I'm just saying that as far as in terms of the juvenile code, the distinction between conviction for a misdemeanor or adjudication is not that great. I mean, this is largely an academic point because regardless of the results here, the respondent is in the same position with the same adjudication, the same penalty, everything is the same. The only reason this court has to address this is because this is a matter of first impression, public interest, so it's not moot because this is a question of public interest. What is the interpretation here? I submit that under the plain language of the statute that the adjudication should be upheld. Seeing no questions, thank you. Rebel, please. Just very briefly, two points. One, the state can't go back and recharge him as ag-bound in a public way based on double jeopardy. And the second is this is not a moot question at all. Even though the minor would still have an adjudication, it would be for a misdemeanor rather than a felony, which has a tremendous impact on a child in terms of the ability to expunge the adjudication at some point. And there's a distinction, there's a serious distinction between felonies and misdemeanors. If a child, for example, ever wants to try to get, even though their records are confidential, it affects their ability to gain employment, any sort of employment that requires any sort of license, be it barbering or law. And so there are all sorts of consequences that attach to a felony adjudication that don't attach to a misdemeanor that would matter tremendously to the minor. Okay, thanks to both of you. The case is submitted. The court stands in recess.